Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4181 | **DATE** | 8/19/2010 |
| **CASE TITLE** | Peter McCloud (198390) v. Tomaszewski | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [4] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $1.67 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the DuPage County Jail. However, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(1) for failure to state a claim on which relief may be granted. The case is terminated. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Plaintiff, a detainee at the DuPage County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

    Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.67. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

    Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt review of the complaint.

    Plaintiff alleges that in July of 2009, Defendant Kevin Tomaszewski, a Lombard Police Officer, testified before a grand jury that returned a true bill against Plaintiff even though there was no evidence to support any criminal charges. Plaintiff alleges Tomaszewski testified falsely before the grand jury to insure that Plaintiff would be charged with a crime resulting in a violation of Plaintiff's due process rights.

    Plaintiff's claim(s) against Tomaszewski are based on his testimony before the grand jury. However, any claims based on the grand jury testimony of Tomaszewski are barred by absolute witness immunity. *See Curtis v. Bembenek*, 48 F.3d 281, 284-85 (7th Cir. 1995); *Kincaid v. Eberle*, 712 F.2d 1023, 1024 (7th Cir. 1983). Thus,

JJD

## STATEMENT

Plaintiff has failed to state a claim upon which relief can granted and this suit must be dismissed.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $450 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

August 19, 2010                              Enter:

                                             /s/ David H. Coar
                                             _____
                                             David H. Coar, U.S. District Judge